THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUARTERDECK CONDOMINIUM ASSOCIATION OF APARTMENT OWNERS, <br><br> Plaintiff, <br><br> v. <br><br> SAFECO INSURANCE, *et al.*, <br><br> Defendants. | CASE NO. C17-0999-JCC <br><br> ORDER |

This matter comes before the Court on Defendant Commonwealth Insurance Company of America's ("Commonwealth") motion for leave to file an amended answer (Dkt. No. 31). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff Quarterdeck Condominium Association of Apartment Owners ("Quarterdeck") is a non-profit corporation that maintains the Quarterdeck Condominium Complex in Seattle. (Dkt. No. 1 at 2.) On June 30, 2017, Quarterdeck filed suit against ten insurance companies, seeking a declaratory judgment that the insurers' policies covered water damage that had allegedly occurred at the complex at some point during the past 20 years. (*See generally id.*)

Quarterdeck did not issue a summons on four of the ten insurers, none of whom appeared

ORDER
C17-0999-JCC
PAGE - 1

in the lawsuit.[1] (Dkt. Nos. 2, 35 at 2.) Five of the six remaining Defendants were voluntarily dismissed from the lawsuit without prejudice.[2] (*See* Dkt. Nos. 14, 17, 24, 26, 29.) Only Commonwealth remains.

Commonwealth appeared in this case on July 17, 2017. (Dkt. No. 5). On October 24, 2017, Commonwealth filed its answer, in which it asserted certain affirmative defenses (*see generally* Dkt. No. 20.) On November 7, 2017, the Court issued its scheduling order pursuant to Federal Rule of Civil Procedure 16 (Dkt. No. 22). The Court set March 2, 2018 as the deadline for filing pleading amendments or asserting third party claims. (*Id.*)

On July 5, 2018, Commonwealth requested leave to file an amended answer in order to assert third party contribution claims against the other nine insurance companies originally named in Quarterdeck's complaint. (Dkt. No. 31 at 1–2.)

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 15(a), a district court should freely grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has made clear that Rule 15 favors pleading amendments and should be applied liberally. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). However, the Rule 15 standard does not apply when a party seeks to amend its pleading after the court-ordered deadline for filing amendments has passed. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

Instead, untimely motions to amend are analyzed under the "good cause" standard

---

[1] The insurers who were named in the complaint but have not appeared are: Transnational Insurance Company, Gulf Insurance Company, Certain Underwriters of Lloyd's of London, and Westchester Surplus Lines Insurance Company. (Dkt. No. 35 at 2.)

[2] The following insurers were voluntarily dismissed: Diamond State Insurance (Oct. 17, 2017); Safeco Insurance (Oct. 19, 2017); Arrowwood Surplus Lines Insurance (Jan. 22, 2018); Star Surplus Lines Insurance (Jan. 24, 2018); Landmark Insurance Company of America (Apr. 27, 2018).

established by Rule 16. *See* Fed. R. Civ. P. 16(b)(4); *Mammoth Recreations, Inc.*, 975 F.2d at 608. The Rule 16(b) good cause standard "primarily considers the diligence of the party seeking the amendment." *Mammoth Recreations, Inc.*, 975 F.2d at 609. A district court may amend its scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the moving party "was not diligent, the [good cause] inquiry should end." *Id*.

### B. Commonwealth's Motion to Amend

Commonwealth wishes to amend its answer to assert contribution claims against the nine insurers who are no longer part of the lawsuit. (Dkt. No. 31 at 3.) Commonwealth acknowledges that its motion to amend is untimely, but it asserts that there is good cause to allow the amendment. (*Id*. at 2.) Commonwealth appears to suggest that it could not have timely amended its answer because one of the co-defendant insurance companies was not voluntarily dismissed until nearly two months after the pleading amendment deadline had passed. (*Id*.) The Court disagrees.

Commonwealth could have asserted its contribution claims against its co-defendants from the outset. The complaint put Commonwealth on notice that Quarterdeck was seeking a declaratory judgment against all of the named insurers for the alleged water damage. (*See* Dkt. No. 1.) In other words, Commonwealth knew all along that it could seek contribution from its co-defendants if a judgment was ultimately entered against it. As Commonwealth states in its motion "the proposed third party claims arise out of the same circumstances as alleged in the Association's original complaint." (Dkt. No. 31 at 3.) Commonwealth's suggestion that the voluntary dismissal of its remaining co-defendant was some kind of triggering event to file its third party claims is simply a red herring.

Commonwealth had numerous opportunities to bring its contribution claims but chose not to. Commonwealth could have asserted its third party claims with its answer, which it filed in October, 2017 (Dkt. No. 20). Commonwealth could have asserted its third party claims when two of its co-defendants were voluntarily dismissed in January 2018—more than a month before the

pleading amendment deadline. (Dkt. Nos. 24, 26.) In fact, Commonwealth could have asserted its third party claims at any time before the March 2018 deadline. Instead, it waited more than four months to seek leave to amend. [3] The record demonstrates that Commonwealth was not diligent in seeking leave to amend. *See Mammoth Recreations, Inc.*, 975 F.2d at 610 (holding that district court did not abuse its discretion in denying Plaintiff's motion to join a third-party four months after the amendment cut-off date).

Not only has Commonwealth failed to establish good cause, there are sound reasons not to allow an eleventh-hour amendment. Discovery closes later this month and trial is scheduled for November, 2018. (*See* Dkt. No. 22.) If the Court were to allow Commonwealth to add its contribution claims, both discovery and the trial would have to be continued. The Court disagrees with Commonwealth's assertion that "the contribution claims should not require any additional discovery beyond the already-asserted claims." (Dkt. No. 34 at 8.) The added claims would require Quarterdeck and Commonwealth to investigate the potential liability of nine other insurance companies. An extension of discovery and continuance of the trial would prejudice Quarterdeck in a way that is simply not warranted given Commonwealth's delay in seeking amendment. *See Zivkovic v. S. Cali. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (finding that non-moving party would be prejudiced by an untimely amendment that would require additional discovery and delay the proceedings).

Commonwealth has failed to demonstrate that there is good cause for the Court to consider its untimely motion to amend pursuant to Rule 16.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for leave to file an amended answer (Dkt. No. 31) is DENIED. The Clerk and parties are DIRECTED to use the following case caption on

---

[3] Commonwealth also waited more than two months from the last voluntary dismissal to make this motion. (*Compare* Dkt. No. 29, *with* Dkt. No. 31.) This added delay does not speak well to Commonwealth's diligence.

1 | all future filings: Quarterdeck Condominium Association of Apartment Owners v.
2 | Commonwealth Insurance Company of America.

DATED this 25th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE